**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 22-6157**

GREGORY GREEN,

Petitioner - Appellant,

v.

DONALD BECKWITH, Warden,

Respondent - Appellee.

Appeal from the United States District Court for the District of South Carolina, at Rock Hill.  R. Bryan Harwell, Chief District Judge.  (0:17-cv-02784-RBH)

Submitted:  January 3, 2023                    Decided:  January 12, 2023

Before DIAZ, THACKER, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Gregory Green, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gregory Green appeals the district court's order denying in part and dismissing in part his Fed. R. Civ. P. 60(b) motion, which sought relief from the district court's prior order dismissing his 28 U.S.C. § 2254 petition.  The district court construed Green's Rule 60(b) motion as a mixed Rule 60(b) motion/§ 2254 petition, denied the Rule 60(b) part of the motion as untimely and without merit, and dismissed the § 2254 petition part of the motion as an unauthorized successive petition.  We affirm.

We agree with the district court's characterization of Green's motion as a mixed Rule 60(b) motion/§ 2254 petition.  *See Richardson v. Thomas*, 930 F.3d 587, 595-96 (4th Cir. 2019) (explaining distinction between true Rule 60(b) motion and Rule 60(b) motion that is actually successive habeas petition).  As to the district court's denial of the Rule 60(b) part of Green's motion, we are satisfied that the district court did not abuse its discretion in ruling that Green's motion was untimely.[1]  *See* Fed. R. Civ. P. 60(c)(1) (requiring motion under Rule 60(b)(6) to be made "within a reasonable time"); *Moses v. Joyner*, 815 F.3d 163, 167 (4th Cir. 2016) (holding that district court did not abuse its discretion in finding untimely Rule 60(b)(6) motion "filed two-and-a-half years after the [movant] knew or should have known the basis for his 60(b) claim").  We also conclude

---

[1] Green does not require a certificate of appealability to appeal the partial denial of his Rule 60(b) motion as untimely.  *United States v. Williams*, __ F.4th __, __, No. 19-7354, 2023 WL 18008, at *2 n.3 (4th Cir. Jan. 3, 2023).

that the district court properly dismissed the § 2254 petition part of Green's motion as an unauthorized successive petition.[2] *Richardson*, 930 F.3d at 596.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[2] Green does not require a certificate of appealability to appeal the district court's partial dismissal of his Rule 60(b) motion as an unauthorized successive § 2254 petition. *United States v. McRae*, 793 F.3d 392, 400 (4th Cir. 2015).